IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON  DIVISION

| | |
|---|---|
| Ronald Jefferson Davis, Jr.,      ) | C/A  2:12-2970-RMG-BM |
|        ) | |
|     Plaintiff,     ) | |
|        ) | |
|     v.       ) | **ORDER[1] AND** |
|        ) | **REPORT AND RECOMMENDATION** |
| Andrew Thomas Taylor, Jr., Naomi  ) | |
| Alazraki Taylor, Louis Richard Cohan,  ) | |
| Cohan Law Group, LLC, and,    ) | |
| John Does 1-5       ) | |
|        ) | |
|     Defendants.    ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se,[2] alleging diversity jurisdiction and

asserting thirteen common law/state law causes of action against the named Defendants.  All of the

named Defendants are Georgia residents.[3]

_____

[1]See, n. 13, infra.

[2]Plaintiff is an attorney and member in good standing of the State Bar of Georgia, and is also
a licensed CPA in Georgia.  Plaintiff is not, however, licensed to practice law in South Carolina.  See
http://www.Gabar.org/membership/membersearch.cfm(typein "r.jeffersondavis")(lastvisitedOcober
16,2012); see also Davis Declaration, ¶ ¶ 1, 13.

[3]Plaintiff does not explain in his original Complaint who John Does 1-5 are, and makes no
allegations about any unknown Defendants in his Complaint.  This designation appears to have been
taken from the case caption of a lawsuit filed by the Taylor Defendants against the Plaintiff, [John
Does 1-3 were Defendants in Complaint in that action], several co-defendants, and Plaintiff's
(continued...)



On December 21, 2012 the Defendants Lewis Richard Cohan and Cohan Law Group, LLC, filed a motion to dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim pursuant to Rule 12, Fed.R.Civ.P., or in the alternative to abstain or stay this litigation pending outcome of related litigation.[4]  As the Plaintiff is proceeding pro se (even though he is an attorney), the Court entered a Roseboro order on January 3, 2013 advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response.  Plaintiff was specifically advised that if he failed to respond adequately, these Defendants' motion may be granted.

Plaintiff thereafter on February 7, 2013 filed a response in opposition to these Defendants' motion, or in the alternative to amend[5] and/or to transfer venue, to which these Defendants filed a reply memorandum on February 19, 2013.  The Cohen Defendants' motion is now before the Court for disposition.

### Background

Plaintiff previously resided in Fulton County, Georgia, where he was a Certified Financial Planner, CPA, and practicing attorney.  The Defendants Andrew and Naomi Taylor are

---

[3](...continued)
business entities in Georgia State Court in April 2010.  Taylor v. Davis, et al., Civil Action No. 10-1-3374-35 (Cobb County Superior Court).

[4]The Cohan Defendants have appeared specially to file this Rule 12 motion , and have not made a general appearance at this time.  See Defendants Memorandum in Support of Motion to Dismiss, p. 3 n. 1.  The Taylor Defendants have yet to file an appearance in this case, and are apparently refusing to waive service of process.  See Court Docket No. 35 [Plaintiff's motion for an extension of time to serve the Taylor Defendants].

[5]Plaintiff has already filed a document styled "First Amended Complaint", which was docketed as a motion to amend, on January 14, 2013.  However, in his response to the motion to dismiss, Plaintiff seeks (in the alternative) to further amend the Complaint if necessary.



medical doctors and Professors of Radiology in the Department of Radiology of the Emory University School of Medicine in Atlanta, Georgia. The Defendant Lewis Cohan of the Defendant Cohan Law Group is the Taylors' attorney. Plaintiff was formerly a financial/investment advisor for the Taylors, and since 2008 or 2009 these parties have been, and continue to be, engaged in litigation in Georgia state court. See Taylor v. Davis, et al., Civil Action No. 10-1-3374-35 (Cobb County Superior Court). The Georgia litigation between the parties arises out of a stock purchase/investment the Plaintiff allegedly made on behalf of the Taylors, resulting in some type of default on a loan involving a Georgia bank. The FDIC was subsequently named receiver for the Georgia bank, and is currently the named Plaintiff in a federal lawsuit pending in the Northern District of Georgia relating to these same investments. See Federal Deposition Insurance Corporation, as receiver of Georgian Bank v. 1842 Capital, LLC,[6] Civil Action No. 1:10-2621 (N.D.Ga.).

Plaintiff asserts that he moved to South Carolina on or about September 1, 2011. In December 2011, the Georgia lawsuits were both stayed after Plaintiff filed a voluntary petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of South Carolina. In re Ronald Jefferson Davis, Jr., Civil Action No. 11-7525.[7] The instant action arises from the same disputed investment transaction which is at the center of the Georgia state court litigation and the

---

[6]1842 Capital, LLC is apparently one of Plaintiff's business ventures. See Court Docket No. 23-1, p. 3.

[7]The Georgia federal lawsuit is apparently stayed only as to the Plaintiff herein, and does not extend to 1842 Capital, LLC. See Court Docket No. 28-3, pp. 9-11.



Georgia federal court litigation.[8]  See Court Docket Nos. 17-1; 17-2; 23-1.

## Discussion

After review of the voluminous motions, briefs and other filings in this case, the undersigned finds and concludes that this case should be transferred to the Northern District of Georgia.  Where jurisdiction appears to be founded solely on diversity of citizenship, venue is proper in 1) a judicial district where any defendant resides, if all defendants reside in the same State in which the district is located, 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action situated; or 3) any judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b).

Here, all of the Defendants named in the original Complaint reside in the Northern District of Georgia.[9]  Further, a plain reading of the allegations of the Complaint reveals that the judicial district in which a substantial part, if not all, of the events or omissions giving rise to the claims asserted in this lawsuit occurred is the Northern District of Georgia.  Indeed, the Cohan Defendants concede in their brief submitted in support of their motion to dismiss that:

---

[8]This Court can take judicial notice of the other court actions cited hereinabove.  Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989)[The most frequent use of judicial notice is in noticing the content of court records].

[9]While Plaintiff's proposed Amended Complaint adds additional Defendants, all of these additional Defendants are also Georgia residents except for the added Defendant First Citizens Bank and Trust Company, Inc., which is identified in the Amended Complaint as being a South Carolina corporation.  However, First Citizens operates in Georgia and in fact already was a party to the pending Georgia litigation involving the same underlying financial transaction at issue in the case at bar.

4



> [t]There are no federal claims in this case. There are no issues particular to the State of South Carolina. [Plaintiff] brought this case in this State to expand litigation and to cause unnecessary trouble and expense to Defendants. There is no good reason for these parties to be in this Court. With the exception of activity in [Plaintiff's] South Carolina bankruptcy, all of the Defendants' conduct that [Plaintiff] complains about occurred in Georgia. The Defendants do not reside or work in South Carolina. They have not done anything to subject themselves to the personal jurisdiction of the courts in this State.

Defendants' Brief, pp. 2-3.

Further, Plaintiff in his response filed in opposition to the Defendants' motion asks, if this Court deems venue to be incorrect or personal jurisdiction insufficient, that in the interest of justice this case be transferred to the Northern District of Georgia. Plaintiff's Brief in Opposition, p. 29. Finally, while Plaintiff argues that the Defendants are subject to personal jurisdiction in this Court, it does not appear that any named Defendant (other than First Citizens, in the event Plaintiff is allowed to substitute his proposed First Amended Complaint for his present Complaint) is subject to personal jurisdiction in this Court.[10] Therefore, all of the criteria for venue under § 1391(b) establish the Northern District of Georgia as the proper venue for this case.

Under 28 U.S.C. § 1404(a), a District Court may transfer any civil action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, [and] in the interest of justice". This case obviously could have been filed in the Northern District of Georgia, all of the Defendants are residents of Georgia (as was the Plaintiff during the time period at issue), and even with respect to the proposed new Defendant First Citizens, that entity has already availed itself of the jurisdiction of the courts of Georgia for purposes of the dispute at issue in this

---

[10]As the undersigned finds that transfer is appropriate even if the Defendants are subject to personal jurisdiction in the District of South Carolina, a definitive finding and ruling on this question is not necessary.



lawsuit. Additionally, witnesses and documents relevant to Plaintiff's claims are also more likely to be located in Georgia in light of the fact that the issues involved in this case are already being litigated there. Hence, transfer for the convenience for the parties and witnesses is manifest. American Commercial Lines, Inc. v. Northeast Maritime Institute, Inc., 588 F.Supp.2d 935, 945-946 (S.D.Ind. 2008)[Noting that the relative financial impact and hardship on one party as opposed to another is a common part of the convenience analysis]; DeLay & Daniels, Inc. v. Allen M. Campbell Co., 71 F.R.D. 368, 372 (D.S.C. 1976)[Court should consider the convenience of witnesses in terms of time and travel as well as such collateral matters as the location of documents and other evidence]; Bridgeman v. Bradshaw, 405 F.Supp. 1004, 1007 (D.S.C. 1975).

        Transfer of this case would also be in the interest of justice. In deciding this issue the Court should consider factors that are unrelated to the convenience of the witnesses and parties. Board of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc., 702 F.Supp. 1253, 1260 (E.D.Va. 1998). Such factors include systematic integrity, fairness, the availability of compulsory process, the cost of obtaining the attendance of witness, the ease of access to sources of proof, the court's familiarity with the applicable law (here, the state law of Georgia), docket conditions, and the interest of having local controversies decided by local courts. Id.; Optical Cable Corp. v. Massachusetts Elec. Const. Co., 21 F.Supp.2d 582, 592 (W.D.Va. 1998). That the cost of obtaining attendance of witnesses and the availability of compulsory process favors Georgia is evidenced by the location of all of the parties except the Plaintiff. With regard to the remaining factors, the fact that the underlying issues relevant to this lawsuit are already being litigated in Georgia, involving at least the same parties (and associated counsel) as are named in the original Complaint, as well as substantially all of the remaining factors to be considered, all weigh in favor



6

of transfer of this case.

Finally, by transferring this case, rather than dismissing as requested by the Defendants, Plaintiff will be saved the additional time and expense of refiling, while transfer will occasion no substantial cost to the Defendants or to the judicial system, as these issues are already being litigated by these parties in that venue. Hence, transfer rather than dismissal is appropriate and in the interest of justice.

### Conclusion

Based on the foregoing, it is **recommended**[11] that the Defendants' motion to dismiss be **denied**, without prejudice,[12] with an order of transfer being entered in this case. Mead v. Gaston County Police Dep't., No. 11-3017, 2012 WL 631850, at * 2 (D.S.C. Feb. 27, 2012)[Decision to transfer or dismiss is committed to the sound discretion of the court]; Mims v. Proctor & Gamble D. Co., 257 F.Supp. 648, 655 (D.S.C. 1966)[transfer warranted where witnesses and documents were more accessible in transferee court]; American Commercial Lines, Inc., 588 F.Supp.2d at 945; DeLay, 71 F.R.D. at 372; see also Realson v. University Medical Pharmaceuticals, No. 09-3277, 2010 WL 1838911 (D.S.C. May 6, 2010)[granting motion to transfer venue].[13]

---

[11]While the undersigned would ordinarily enter an order of transfer, as the Defendants originally requested dismissal (which is dispositive relief) in their motion, the undersigned is issuing a Report and Recommendation, rather than filing an order, so that the matter may be considered by the Court.

[12]Defendants can of course pursue their alternative grounds for dismissal of this action in the Northern District of Georgia.

[13]Plaintiff's pending motions to amend and for extension of time are **denied**, without prejudice. Plaintiff may pursue these matters in the Northern District of Georgia following transfer of venue, if appropriate.

7



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

March 8, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

